# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIM. NO. 1:17-CR-112** |
| | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SHARIF LAYTON** | : | |

## MEMORANDUM AND ORDER

### I.   Statement of Facts and of the Case

Before the court is the defendant's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 168). The defendant, Sharif Layton, pled guilty to two counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d); one count of bank robbery in violation of 18 U.S.C. § 2113(a); one count of using and brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g) and 924(e) and the Armed Career Criminal Act on May 14, 2018. (Doc. 107). This guilty plea was a product of a plea agreement between the defendant and the Government which contained a joint sentencing recommendation of 324 months' imprisonment, broken down into 240 months' imprisonment for the defendant's violations of 18 U.S.C. §§ 2113, 922(g), and 924(e) to run concurrently with the defendant's preexisting Dauphin County Court of Common Pleas charge and 84

months' imprisonment for the defendant's violations of 18 U.S.C. § 924(c) to run consecutively to his sentence for the former violations. (Id.) According to the Government, the defendant also agreed that he would be considered an armed career criminal for purposes of sentencing.[1] (Doc. 187, at 6). In exchange, the government agreed to dismiss the superseding indictment against the defendant. (Id.)

Before the sentencing hearing, however, the United States Probation Office notified the sentencing court that the defendant may not qualify as an armed career criminal in calculating his sentencing guidelines. (Id., at 7). Therefore, the court directed the parties to submit letter briefs on this issue. In both briefs, the parties admitted that the defendant did not qualify as an armed career criminal, which reduced his sentencing guidelines to a range between 130-162 months' imprisonment. (Docs. 138, 139). The Government nevertheless recommended that the court sentence the defendant in accordance with the joint plea agreement since it claimed that the agreement still benefitted the defendant. (Doc. 138). At the defendant's sentencing, his counsel agreed, noting that "both parties understood that there was something to be gained and something to be lost" and recommending that the court impose the sentence contained in the plea agreement wherein the defendant would be sentenced to a total of 324 months' imprisonment. (Doc. 179).

---

[1] Contrary to the Government's representation, we do not discern an agreement to classify Layton as an armed career criminal within the plea agreement. (Doc. 107).

At the defendant's sentencing on November 28, 2018, the court adopted the recommendation of the parties, choosing to impose a sentence greater than the guidelines after finding that the parties' plea agreement was reasonable. (Doc. 186). The defendant did not directly appeal this sentence. Rather, on October 28, 2019, the defendant filed this *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging that despite the government's admission that he was not statutorily classified as an armed career criminal, he was still sentenced under the Armed Career Criminals Act framework, receiving a sentence which exceeded his guidelines range of 130-162 months' imprisonment. (Doc. 168).

The defendant's pleading is extremely spare, consisting of only the following factual allegations:

> I was sentenced to 327 [sic] months despite being inelligible [sic] for A.C.C.A. My guidelines range was 130-162 months plus 84 months consecutive.
>
> The Goverment [sic] submitted a letter brief in which it stated that Mr. Layton does not meet the statutory requirements for classification as an armed career criminal.

(Doc. 168 at 5). Based on these facts, we gather that the defendant is likely attempting to bring a challenge to the effectiveness of his counsel based on her failure to object to his sentence, which fell outside of the sentencing guidelines.

Recognizing that petitioners are generally entitled to an evidentiary hearing on their motions under § 2255 unless it is conclusive that the petitioner is not entitled to

3

any relief, and finding that the existing record does not conclusively establish that all avenues of relief have been foreclosed, , in the exercise of our discretion, we will defer ruling on this motion, appoint counsel in this case, and conduct an evidentiary hearing to further develop the relative merits of Layton's claims.

## II.     Discussion

### A.     Standard of Review—Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to § 2255

Section 2255 allows a prisoner who is in custody to challenge his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). This remedy "does not encompass all claimed errors in conviction and sentencing," but rather "provides a basis for collateral attack [when] the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.' " United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979) (quoting Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962)). Petitioners are generally entitled to a hearing on their motion under section 2255(b):

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and

4

> conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b).

This option to grant an evidentiary hearing falls within the discretion of the district court. See Gov't of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). "In exercising that discretion, the Court must decide whether the petitioner's claims, if proven, would entitle petitioner to relief and then consider whether an evidentiary hearing is needed to determine the truth of the allegations." United States v. Cidone, 2013 U.S. Dist. LEXIS 177926, *7 (M.D. Pa. 2013) (citing Gov't of the Virgin Islands v. Weatherwax, 20 F.3d 572, 574 (3d. Cir. 1994)). Thus, a district court may decline to hold a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.' " United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)); see also Forte, 865 F.2d at 62.

### B. Ineffective Assistance of Counsel—*Strickland v. Washington*

It is undisputed that the Sixth Amendment to the United States Constitution guarantees the right of every criminal defendant to effective assistance of counsel.

Under federal law, a collateral attack upon a conviction and a sentence based upon a claim of ineffective assistance of counsel must meet a two-part test established by the Supreme Court in order to survive. Specifically, to prevail on a claim of ineffective assistance of counsel, a petitioner must establish that: (1) the performance of counsel fell below an objective standard of reasonableness; and (2) that, but for counsel's errors, the result of the underlying proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 691-92, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A petitioner must satisfy both Strickland prongs to maintain a claim of ineffective counsel. George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001).

At the outset, Strickland requires a petitioner to "establish first that counsel's performance was deficient." Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). This threshold showing requires a petitioner to demonstrate that counsel made errors "so serious" that counsel was not functioning as guaranteed under the Sixth Amendment. Id. Additionally, the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Id. However, in making this assessment "[t]here is a 'strong presumption' that counsel's performance was reasonable." Id. (quoting Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996)).

But a mere showing of deficiencies by counsel is not sufficient to secure habeas relief. Under the second Strickland prong, a petitioner also "must demonstrate that he

was prejudiced by counsel's errors." Id. This prejudice requirement compels the petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." Id.

Thus, as set forth in Strickland, a petitioner claiming that his criminal defense counsel was constitutionally ineffective must show that his lawyer's "representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Thomas v. Varner, 428 F.3d 491, 499 (3d Cir. 2005) (quoting Strickland, 466 U.S. at 689). The petitioner must then prove prejudice arising from counsel's failings. "Furthermore, in considering whether a petitioner suffered prejudice, '[t]he effect of counsel's inadequate performance must be evaluated in light of the totality of the evidence at trial: a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.' " Rolan, 445 F.3d at 682 (quoting Strickland, 466 U.S. at 696) (internal quotations omitted).

It is against this statutory backdrop that we turn to Layton's claims.

### C.     <u>An Evidentiary Hearing is Warranted in this Case.</u>

We find that an evidentiary hearing is warranted in this case for a number of reasons. Initially, because Layton's pleading is so spare, a hearing would assist the court in further developing these claims. As we have acknowledged, construing *pro se* pleadings may present unique challenges for courts. <u>See</u> <u>Thomas v. Harry</u>, 2020 U.S. Dist. LEXIS 71708 (M.D. Pa. 2020). Often, *pro se* pleadings are written in a way which requires the reader to discern the factual context of the claim, and the precise legal issue at stake. It is the responsibility of the court to determine when such claims lack legal merit. At the same time, the court must liberally construe *pro se* pleadings in a way that allows this type of litigant all reasonable opportunities to present their claims. Construing Layton's § 2255 motion liberally, it cannot be said conclusively that he is not entitled to relief. Thus, an evidentiary hearing is appropriate to reach the merits of these claims.

In addition, at present, neither the record nor the pleadings establish sufficient facts for the court to determine whether Layton's counsel was ineffective or whether Layton suffered prejudice as a result of the plea agreement. We therefore will defer ruling on this claim pending an evidentiary hearing on the nature and extent of counsel's assistance during plea negotiations. <u>See</u> 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is

8

entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.").

Recognizing that a hearing is appropriate in this case, we also acknowledge that:

> Rule 8(c) of the Rules Governing Section 2255 Cases requires that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel ... [as an indigent]. " The appointment of counsel is clearly mandatory for an indigent petitioner. See United States v. Iasiello, 166 F.3d 212, 213–14 (3d Cir.1999) (vacating judgment and remanding to district court where district court conducted a § 2255 evidentiary hearing without appointing counsel to indigent movant). "[H]arm to [a movant] must be presumed when his statutory right to counsel is thus abridged." Id. at 214.

United States v. Bendolph, 409 F.3d 155, 160 (3d Cir. 2005).

Therefore, in anticipation of the evidentiary hearing, we also will appoint an attorney to represent petitioner pursuant to the Rules Governing Section 2255 Cases. See R. Governing § 2255 Cases 8(c); see also United States v. Livingston, 2014 U.S. Dist. LEXIS 27004 (M.D. Pa. 2014) (appointing counsel to represent *pro se* petitioner in § 2255 case).

An appropriate order follows.

### III. Order

For the foregoing reasons, it is ORDERED as follows:

1. The Federal Public Defender's Office is appointed to represent the petitioner in connection with this proceeding, and the Federal Public Defender may in her discretion assign counsel to this case. **A copy of this order will be served upon the Federal Public Defender's Office.**

2. The Federal Public Defender's Office or appointed counsel will contact and consult with the petitioner, review the file, prepare and file a counseled petition addressing the issues in this case on or before **September 18, 2020.**

3. Respondent may then respond to any supplemental counseled petition and motion on or before **October 2, 2020.**

4. Unless all parties agree that a hearing is no longer necessary in this case, an evidentiary hearing will be held in this case on the pending motion to vacate on **October 23, 2020 at 10:00 a.m**. in Courtroom 5, U.S. Courthouse, Harrisburg, Pennsylvania.

So ordered this 17th day of July, 2020.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge